Dear Mr. Regan:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 May a District Attorney legally transfer a cause or action under La. R.S. 40:2601, et seq., to the federal government?
Any action which would prompt forfeiture under L.S.A. R.S.40:2601, would also prompt forfeiture under federal law, since state and federal law have parallel provisions permitting forfeiture of property having a determined nexus to illegal narcotics activity. However, transfers of state forfeiture property to the federal government is governed by jurisprudence.
The leading case on this issue is Scarabin v. DEA, 966 F.2d 989
(U.S. App. 5 Cir., 1992). Scarabin states that in rem proceedings are matters of exclusive jurisdiction (i.e., only one jurisdiction may bring an action against the property), and that from the moment of seizure, the state district court has exclusive control over the res and, therefore, exclusive jurisdiction over the claim. The district attorney may, however, transfer the action from the state level to the federal level.Scarabin held that this is a two-step process: 1) the state must give up physical control of the property, and 2) the state must manifest its intent to transfer jurisdiction to the federal government. If the property is seized pursuant to a state search warrant, the district attorney must obtain permission from the state district court to give up control of the property, whereas such permission need not be obtained if the property was seized via petition or a simple notice of seizure.
The manifestation of intent is most commonly expressed through either the filing of nonsuit by the district attorney, or a court order stating such intent. Once there is physical surrender and a manifestation of the state's intent to transfer jurisdiction, the federal government then has exclusive jurisdiction over the property, and thus, the claim.
Though there is no provision requiring the district attorney to transfer the cause of action to the federal government, there are narrowly-drawn exceptions in the Federal Internal Guidelines which permit the federal government to seize control of the property on its own initiative.
Therefore, it is the opinion of this office that a district attorney may legally transfer a cause of action under La. R.S.40:2601, et seq, to the federal government by following the procedures and guidelines set forth in the Scarabin case.
I hope this opinion has adequately addressed your question. If you need further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ DOUGLAS W. FREESE Assistant Attorney General